IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CALVIN BRADSHAW, #0095021       *
        Petitioner,
    v.       *    CIVIL ACTION NO. AW-13-cv-995

WARDEN REX PRYOR, *et al*.       *
        Respondents.

                  ***

## **MEMORANDUM**

Petitioner is currently housed in the Kansas Department of Corrections pursuant to an Interstate Corrections Compact transfer from the Maryland Division of Correction in 2009. *See Bradshaw v. O'Malley , et al.*, Civil Action No. AW-09-1594. On April 3, 2013, the Court received for filing this 28 U.S.C. § 2254 Petition for writ of habeas corpus, which was dated March 27, 2013 and franked by the U.S. Postal Service on April 1, 2013. (ECF No. 1). This is the first § 2254 application filed by Petitioner, who was sentenced to life plus fifty years incarceration in April of 1998, and whose conviction was affirmed by the Court of Special Appeals of Maryland on December 10, 1999. (*Id.*, at 1 & 3). Respondents were ordered to file a limited answer as to the timeliness of the Petition,[1] with Petitioner granted an opportunity to submit a Reply. (ECF No. 2 at 3).

---

[1]     Title 28 U.S.C. § 2244(d) provides that:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

On June 19, 2013, Respondents filed an Answer to Petitioner's application for habeas relief solely addressing the timeliness of Petitioner's application. (ECF No. 5). Petitioner filed a Reply, received on July 18, 2013. (ECF No. 7).

The certified record shows that on April 3, 1998, Petitioner was convicted by a jury in the Circuit Court for Baltimore City on counts of first-degree murder, second-degree murder, and related handgun offenses. (ECF No. 4, Exs. 1-3). On April 21, 1998, Circuit Court Judge Gary Strausberg sentenced Petitioner to a term of life plus fifty years. (*Id.*). On July 9, 1999, the Court of Special Appeals of Maryland affirmed the convictions and on December 10, 1999, the Court of Appeals of Maryland declined further review. (*Id.*, Exs. 3 & 4). It does not appear that Petitioner filed a petition for writ of certiorari with the U.S. Supreme Court. Therefore, his conviction became final on March 9, 2000. *See Clay v. United States,* 537 U.S. 522, 525 (2003) (state judgment becomes final for habeas purposes when the time expires for filing a petition for writ of certiorari to the Supreme Court or ninety days following the decision of the state's highest court).

On October 16, 2000, Petitioner filed a petition for post-conviction relief in the Circuit Court for Baltimore City, which was withdrawn on October 17, 2000. On November 13, 2000, Petitioner filed another petition for post-conviction relief, which was withdrawn on May 31, 2001, (ECF No. 4 ,

---

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The statute further provides: the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Exs. 1 & 2.). More than seven years later, on August 21, 2008, Petitioner filed another petition for post-conviction which was dismissed with prejudice on July 2, 2010, as untimely filed. (*Id.*, Exs. 1, 2, & 5). Petitioner's application for leave to appeal the dismissal of his petition was summarily denied by the Court of Special Appeals on March 30, 2012. (*Id.*, Ex. 6). According to Respondents' record, no further post-conviction review was sought.

Petitioner had a one-year period, from March 9, 2000, to March 8, 2001, to file a § 2254 Petition for habeas corpus relief. Affording the time line a generous interpretation, there were no post-conviction petitions pending to statutorily toll the limitation period under 28 U.S.C. § 2244(d)(2) from March 9, 2000 to October 15, 2000 (251 days); October 18, 2000 to November 12, 2000 (26 days); June 1, 2001 to August 20, 2008 (7 years and 80 days); and May 1, 2012 to March 27, 2013 (330 days). This Petition was not filed until March 27, 2013. This cumulative time when no collateral review was pending far exceeds the one-year limitations period set out under 28 U.S.C. § 2244(d).

In an attempt to set forth reasons for the late filing, Petitioner seemingly raises an equitable tolling argument, asserting that his post-conviction petition was given to a correctional officer on March 31, 2008, to be mailed to the Clerk of the Circuit Court and the States Attorney for Baltimore City. (ECF No. 9). Petitioner contends that he could not mail it himself as he was housed on administrative segregation at the time. He further argues that his second petition for post-conviction relief was given to an officer on June 23, 2008, to be mailed to the Clerk of the Circuit Court and the States Attorney for Baltimore City. He claims that prison mail service officers were dilatory and did not promptly mail out those petitions or his certified mail to his Public Defender in July of 2010. (ECF No. 7). Petitioner claims that when he gave his post-conviction petition to a correctional officer for filing on March 31, 2008, it was timely filed. Finally, Petitioner argues that in May of

3

1998, he wrote the Public Defender's Office asking them to file a habeas corpus and post-conviction petition for him. (*Id*. at p. 3). He alleges they declined to do so, stating that "such a petition [federal habeas corpus] would not be appropriate and that the federal court will not consider an issue while it is being considered in state court." (*Id*. at p. 3 & Ex. B1-3).

Equitable tolling applies only in "those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). In *Holland v. Florida,* 130 S.Ct. 2549 (2010), the Supreme Court affirmed that equitable tolling applies to the one-year statute of limitations set out in § 2244(d). *Id*. at 2554. Specifically, the Court found that in order to be entitled to equitable tolling the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id*. at 2562; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Alleged attorney neglect or error is not an "extraordinary circumstance" needed to establish equitable tolling. *See Johnson v. Hendricks,* 314 F.3d 159, 163 (3[d] Cir. 2002); *see also Hutchinson v. Florida,* 677 F.3d 1097, 1100 (11th Cir. 2012) ( "If attorney miscalculation, error, or negligence were enough for equitable tolling, the § 2244(d) statute of limitations would be tolled to the brink of extinction ..."). "[T]o rise to the level necessary to constitute an 'extraordinary circumstance,' ... attorney negligence must be so egregious as to amount to an effective abandonment of the attorney-client relationship." *Rivas v. Fischer,* 687 F.3d 514, 538 (2d Cir. 2012); *see also Maples v. Thomas,* 132 S. Ct. 912, 923–27 & n. 7 (2012) (holding that attorneys' abandonment of petitioner constituted cause to overcome procedural default and remarking that distinction between attorney negligence and attorney abandonment should apply equally in equitable tolling context).

Even when affording Petitioner's arguments the benefit of the doubt and presuming that his

final and substantive post-conviction petition was filed as early as March 31, 2008, the prior amount of time commencing March 9, 2000, when no post-conviction petitions were pending, more than exceeds the one-year limitations period.

Petitioner has not alleged facts amounting to abandonment by collateral review counsel under the aforementioned case law. Petitioner was sentenced in 1998 and his direct appeal was completed in 2000. He did not advance his post-conviction claims within a reasonable time of their availability and delayed filing this case for another thirteen years. His habeas corpus Petition is time-barred under 28 U.S.C. § 2244(d)(1)(A-D) and shall be dismissed with prejudice.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability ("COA") should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. Petitioner does not satisfy this standard, and the court declines to issue a COA. A separate Order shall be entered reflecting this opinion.

Date:   July 26, 2013                                        /s/
                                                Alexander Williams Jr.
                                                United States District Judge